IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re:<br>  Reginald Tyrone Byers and Dionne M.<br>  Walker-Byers<br>             Debtors<br>U.S. Bank National Association, not in its<br>individual capacity but solely as trustee for the<br>RMAC Trust, Series 2018 G-CTT c/o<br>Rushmore Loan Management Services<br>             Movant<br>                 vs.<br><br>Reginald Tyrone Byers and Dionne M.<br>Walker-Byers<br>             Debtors/Respondents<br>             and<br>      William C. Miller, Esquire<br>Trustee/Respondent | : Bankruptcy No. 18-11826-mdc<br>: Chapter 13 |

## CONSENT ORDER / STIPULATION AGREEMENT SETTLING
## MOTION FOR RELIEF FROM AUTOMATIC STAY

AND NOW, upon the Motion of U.S. Bank National Association, not in its individual capacity but solely as trustee for the RMAC Trust, Series 2018 G-CTT c/o Rushmore Loan Management Services ("Creditor"/"Movant"), through its counsel, Hladik, Onorato & Federman, LLP, for relief from the automatic stay pursuant to Bankruptcy Code § 362(d) as to certain property, 7217 Briar Road, Philadelphia, PA 19138 (the "Property"), it is hereby agreed as follows:

Reginald Tyrone Byers and Dionne M. Walker-Byers (hereafter, "Debtors") acknowledge that the following monthly post-petition mortgage payments are due as follows:

Payments (7/1/2018 – 1/1/2019 @ *$873.57 each*) .............$6,114.99
Payments (2/1/2019 – 3/1/2019 @ *$872.10 each*) .............$1,744.20
Attorney's fees/costs............................................$1,031.00
Less Suspense................................................ ($8.87)
Arrears ("Arrears")...........................................$8,881.32

1. Debtors shall cure the Arrears as set forth above in the following manner:

    a. Roll the **$8,881.32** balance of the post-petition Arrears into and pay it through the Debtors' Chapter 13 Plan of Reorganization in order to cure this portion of the Arrears in addition to the current arrearage amount on Movant's Proof of Claim. Debtors' attorney shall file an Amended Plan as per above no later than March 29, 2019.

2. Debtors shall make the regular monthly payments required to the Trustee.

3. Debtors shall send all payments due directly to Creditor at the address below:

**Rushmore Loan Servicing**
**P.O. Box 52708**
**Irvine, CA 92619-2708**

**Rushmore's** loan #xxxxx3509 must appear on each payment.

4. In the event Debtors fail to make any of the payments set forth hereinabove (or real estate taxes and/or hazard insurance when due) on or before their due dates, Creditor and/or Counsel may give Debtors and Debtors' counsel notice of the default. If Debtors do not cure the default within ten (10) days of the notice, upon Certification of Default to the Court, and request for Order, with a copy to Debtors and Debtors' counsel, Creditor shall immediately have relief from the bankruptcy stay.

5. The failure by the Creditor, at any time, to file a Certification of Default upon default by the Debtors shall not be construed, nor shall such failure act, as a waiver of any of Creditor's rights hereunder.

6. Upon issuance of the aforesaid Order, the parties hereto further agree that Creditor may proceed in state court to exercise all rights and remedies available to it as a mortgagee and creditor under state and federal law including, but not limited to, the initiation of and continuation of foreclosure and execution process through sheriff's sale concerning the Property and ejectment thereafter.

7. In the event Debtors convert to a bankruptcy under Chapter 7 of the Bankruptcy Code then Debtors shall pay all pre-petition arrears and post-petition arrears within 10 days from the date the case is converted. If Debtors fail to make payments in accordance with this paragraph then the Creditor, through Counsel, may file a certification setting forth said failure and the Creditor shall be granted immediate relief from the automatic stay.

8. It is further agreed that the 14-day stay provided by Rule 4001(a)(3) is hereby waived.

      By signing this Stipulation, Debtors' Counsel represents that the Debtors are familiar with and understand the terms of this Stipulation and agrees to said terms regardless of whether the Debtors have actually signed this Stipulation. Seen and agreed by the parties on the date set forth below:

/s/Danielle Boyle-Ebersole
Danielle Boyle-Ebersole, Esquire
Counsel for Creditor

Date: 3/13/2019

*Michael D. Sayles*
Michael D. Sayles, Esquire
Counsel for Debtor

Date: 3\28\2019

_____
William C Miller, Esquire Trustee
Date: 4/1?/19

*No position*

\*without prejudice to any trustee rights or remedies

      AND NOW, this 24th day of April, 2019, it is hereby ORDERED that this Stipulation Agreement between the parties is hereby approved.

*Magdeline D. C_____*
Honorable Magdeline D. Coleman
U.S. Bankruptcy Judge